TIMOTHY C. ELLENDER
JUDGE - DIVISION C

STANLEY ROBINSON                         DOCKET#         DIV.

VERSUS            153334                 32nd JUDICIAL DISTRICT COURT

THEREX, INC.                             PARISH OF TERREBONE

FILED  JAN 1 0 2008                      STATE OF LOUISIANA
                                         /s/ Carla O. Leder
                                         DEPUTY CLERK

* * * * * * * * * * * * * * * * *

### PETITION FOR DAMAGES

The petition of Stanley Robinson, a major domiciled in the Parish of Lafourche, State of Louisiana, represents the following, to wit:

1.

Made defendant herein is:

1) Therex, Inc., a foreign corporation, licensed to do business in Louisiana, and which may be served through its registered agent, Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

2.

On or about June 8, 2007, Mr. Stanley Robinson was attending a physical therapy session, provided by Therex, Inc., for an injury he sustained as the result of a motorcycle accident.

3.

The therapist providing the treatment placed two patches of a steroid treatment, also known as iontophoresis, to Mr. Robinson's left shoulder and elbow which, upon information and belief, was double the prescribed dosage.

4.

Thereafter Stanley Robinson began experiencing severe symptoms, including nausea and vomiting.

5.

He was taken by ambulance to the emergency room at Thibodaux Regional Medical Center, where he was admitted with a diagnosis of diabetic ketoacidosis. His glucose level on admission, was 706.

EXHIBIT A

6.

The ketoacidosis experienced by Stanley Robinson was the direct result of the overdosage of the steroid patches.

7.

As a result of the overdosage, Stanley Robinson was admitted to intensive care and came close to dying, and continues to experience problems with glucose stabilization.

8.

Plaintiff alleges that defendant, Therex, Inc., through its own acts and/or the acts of others for whom it is legally responsible, was at fault in the following non-exclusive particulars:

A) Negligently administering medication in excess of the amount prescribed;

B) Failing to properly supervise and train its employees;

C) Failing to provide medical care and treatment in accordance with the standard of care imposed upon it by state and federal law;

D) Failing to avoid the foreseeable risk inherent in the manner in Stanley Robinson was cared for;

E) Failing to set up, monitor, and enforce a standard of practices, restrictions, and precautions as regards the care to be taken by the defendant, its employees, and/or others for whom it is liable, to prevent the types of injuries such as those sustained by Stanley Robinson; and

F) Other acts of negligence and fault to be proven at the trial of this matter.

9.

As a direct and proximate result of the negligence, strict liability, and/or vicarious liability of the defendant, Therex, Inc. which is implicit in above described incident, Stanley Robinson has suffered and continues to experience unnecessary pain and suffering, loss of enjoyment of life, loss of income, medical expenses, past and present, deterioration of general health, and past and future mental pain and suffering, and other damages as may be shown at trial of this matter.

WHEREFORE, plaintiff prays that the defendant, Therex, Inc., be duly served with a copy of this petition, and accompanying discovery, and that after all legal delays and due proceedings are had, that there be judgment herein in favor of plaintiff and against defendant for all sums reasonable and just under the premises, together with legal interest thereon from date of

filing, until paid and the costs of these proceedings, including expert witnesses' fees and any authorized penalties, exemplary damages, and attorney fees.

Respectfully submitted,

*Pamela L. Ashman* (signature)

Pamela L. Ashman
Attorney at Law, Bar roll no. 21450
10101 Siegen Lane, Suite A, Bldg. 4
Baton Rouge, Louisiana 70810
Telephone: (225) 769-2557
Fax: (225) 769-2990

Please serve the Petition for Damages and Discovery Requests on:

Therex, Inc.
Through its registered agent for service of process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

3

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA____ JAN 1 1 2008 ____, 20____
BY _____
Deputy Clerk of Court

## STATE OF LOUISIANA
## 32nd Judicial District Court
### SITTING IN AND FOR THE PARISH OF TERREBONNE

CITATION

STANLEY ROBINSON

VS. #153334

THEREX, INC.

TO  THEREX, INC., THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY

A RESIDENT OF EAST BATON ROUGE PARISH

ADDRESS: 320 SOMERULOS STREET
BATON ROUGE, LA 70802-6129

You are hereby summoned to comply with the demand of the __ORIGINAL PETITION, PLAINTIFF'S INTERROGATORIES; REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS__

HEREWITH, true and faithful cop_X_ whereof accompan_IES_ this citation, or to make an appearance by filing an answer or other pleading thereto, in writing, with the Clerk of Court at his office in the City of Houma, within fifteen (15) days after the service hereof; and your failure to so comply will subject you to the penalty of having a default judgment rendered against you.

Witness the Honorable Judges of said Court this __11__ day of __JANUARY__, A.D., 2008

(L.S.)  /s/ Holly O. Gaudet
        Deputy Clerk of Court

A true copy:

Clerk's Office, Houma, La. __JAN 11 2008__, A.D., 19___.

Holly O. Gaudet
Deputy Clerk of Court

### SHERIFF'S RETURN

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| STATE OF LOUISIANA | STATE OF LOUISIANA |
| PARISH OF _____ | PARISH OF _____ |
| Received on _____ the within _____ together with a true copy thereof and a true copy of pleadings mentioned above and on the _____ day of _____, 19___. I served the same on the said _____ IN PERSON in the Parish of _____, La., at about _____ miles from the courthouse of the said Parish. WHEREOF, I make this my return on this _____ day of _____, 19___. | Received on _____ the within _____ together with a true copy thereof, and a true copy of pleadings mentioned above and on the _____ day of _____, 19___. I served the same at the domicile of the said _____ situated in the Parish of _____ La. at about _____ miles from the courthouse of the Parish of _____, La., by leaving the said true copies in the hands of _____ a person apparently over the age of 16 years, being and residing at the said domicile of the said _____ who was absent at the time of service as determined from the interrogation of the said _____, relative thereto. WHEREOF, I make this my return on this the _____ day of _____, 19___. |
| Deputy Sheriff | Deputy Sheriff |
| Parish of _____ | Parish of _____ |

RETURNED AND FILED:

FEE:     $_____
MILEAGE  $_____
Total    $_____

Deputy Clerk of Court
PAMELA L. ASHMAN
10101 SIEGEN LANE, SUITE A, BLDG. 4
Requested By: BATON ROUGE, LA 70810
225/769-2557




CORPORATION SERVICE COMPANY



## Notice of Service of Process

VR1 / ALL
Transmittal Number: 5543049
Date Processed: 01/16/2008

| | |
|---|---|
| Primary Contact: | Tina Kirk<br>TherEx, Inc.<br>Aspen Grove Office Center One<br>Suite 450 341 Cool Springs Boulevard<br>Franklin, TN 37067 |
| Entity: | Therex, Inc.<br>Entity ID Number 1745842 |
| Entity Served: | Therex, Inc. |
| Title of Action: | Stanley Robinson vs. Therex, Inc. |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Personal Injury |
| Court: | Terrebone Parish District Court, Louisiana |
| Case Number: | 153334 |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 01/16/2008 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Pamela L. Ashman<br>225-769-2990 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| | |
|---|---|
| STANLEY ROBINSON | DOCKET#           DIV. |
| VERSUS | 32nd JUDICIAL DISTRICT COURT |
| **153334** | |
| THEREX, INC. | PARISH OF TERREBONE |
| | STATE OF LOUISIANA |
| FILED  JAN 1 0 2008 | /s/ Carla O. Ledet |
| | DEPUTY CLERK |

### PLAINTIFFS' INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS and REQUEST FOR ADMISSIONS

The following discovery requests are propounded to you under the authority of the Louisiana Code of Civil Procedure. You are to answer the Interrogatories separately, fully, in writing, and under oath, and your answers are to be served upon plaintiff through their attorney of record, *Pamela L. Ashman, 10101 Siegen Lane, Bdg. 4, Suite A, Baton Rouge, Louisiana, 70810,* within the time allowed by law. These discovery requests are deemed continuing, and if the party to whom they are addressed acquires additional or corrected information subsequent to the filing of answers hereto, supplemental answers are to be immediately filed supplying undersigned counsel with all full and correct information, in accordance with the Louisiana Code of Civil Procedure.

Pursuant to the Louisiana Code of Civil Procedure, plaintiff requests that defendant respond to the following Request for Production of Documents by producing and permitting the inspection and reproduction of the following documents within the time allowed by law.

a) This discovery is continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.

b) Unless otherwise indicated, this discovery refers to the time, place and circumstances of the incidents mentioned or complained of in the pleadings filed in this matter.

c) Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, and unless privileged, his attorney.

DEFINITIONS:

1.  The terms "you" and "your" shall mean Therex, Inc., its agents (including independent contractors), employees and/or attorneys of record.

2.  The term "person" shall mean any individual, partnership, corporation or any other business or legal entity.

3.  The term "document" shall mean all written, printed, typed, recorded or graphic matter, including, but not limited to letters, correspondence, telegrams, messages of any kind, memoranda, internal memoranda, reports, contracts, handwritten notes, diaries, calendars, records, logs, minutes of meetings, corporate records, drawings, graphs, charts, photographs, recordings whether taped or otherwise, time cards, and employment records.

4.  The term "identify" when used with respect to a person means his or her full name, title or position, current or last known address, telephone number and current or last known employer.


EXHIBIT B

5. The term "identify" when used with respect to a corporation or business means the full name of the business, its field of industry, its current or last known working address and telephone number, the dates the business started and ended, and an identification of all incorporators, officers, partners and/or proprietors of the business.

6. The term "statement previously made" shall mean (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other recording, or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

You are requested to respond to the Requests for Admission within the time delays prescribed by the Louisiana Code Rules of Civil Procedure and any objections made shall be specifically stated. Failure to timely respond to the Request for Admissions may result in the matter being admitted against you. Your answer shall specifically deny or set forth in detail the reasons why you cannot truthfully admit or deny the matters requested. If a response requires a qualification of any answer, or denies only a part of a matter requested to be admitted, you shall then specify so much of it as true and qualify or deny the remainder.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each and every person who participated in answering this discovery, by giving their names, addresses, telephone numbers, by what company said person is employed, and in what position said person is currently employed with their respective companies. (Additionally, please have all individuals participating in responding to this discovery sign sworn verifications relative to these responses. A response that Therex's counsel responded to the discovery is insufficient).

### INTERROGATORY NO. 2:

Please give the name, address, telephone number, position held and relationship to Therex, Inc. for each person who has provided physical therapy, care, or treatment of any kind to Stanley Robinson BY THEREX, Inc. or those for whom it sis responsible..

In answering this interrogatory, please state whether each of the individuals listed above is still employed by, or performing any work on behalf of, Therex, Inc.

### INTERROGATORY NO. 3:

Please identify the physician who prescribed the iontophoresis therapy for Mr. Robinson, which was administered on June 8, 2007, the date so prescribed, and amount and type of medication prescribed.

### INTERROGATORY NO. 4:

Please identify the person dispensing the iontophoresis patch for Mr. Robinson, which

was administered on June 8, 2007.

INTERROGATORY NO. 5:

Please provide the names of all witnesses Therex, Inc. intends to call at a trial on the merits of this matter and provide their names, addresses, telephone numbers, occupations, employers, employers' addresses and telephone numbers, whether each witness is a fact witness or will be sought to be qualified as an expert, and provide a detailed statement (as best you are able at this stage of the litigation) as to the substance, facts, and nature of the testimony to be provided by each witness.

INTERROGATORY NO. 6:

Please list each and every exhibit, real or demonstrative, that Therex, Inc. will or may attempt to introduce as evidence, or for other purposes, at the trial of this matter, listing the name of the person who possesses such exhibit or evidence and where the original may be inspected.

INTERROGATORY NO. 7:

Please provide the name of the manufacturer of the iontophoresis patches applied to Mr. Robinson, on June 8, 2007, the dosage amount of the patches, type of medication delivered by the patch, and any other identifying information, including, but not limited to manufacturer's product number.

INTERROGATORY NO. 8:

Please provide the name, address, and policy numbers for any and all policies of insurance which may provide coverage of any kind to Therex, Inc. for any liability it may have based on the allegations of this petition.

INTERROGATORY NO. 9:

If you contend that Mr. Robinson is in any way responsible for his own injuries or damages, please explain in detail.

INTERROGATORY NO. 10:

If you contend any other person is in any way responsible for the injuries suffered by Mr. Robinson, please explain in detail.

REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO.1:

Please produce a legible, certified copy of the entire medical records of Mr. Robinson,

including, but not limited to, any records (whether maintained electronically or not) or documents of any kind, pertaining to Mr. Robinson's treatment, in any way, not included in his chart.

REQUEST FOR PRODUCTION NO.2:

Please produce any policies or procedures of Therex, Inc., or which Therex, Inc. is required follow, pertaining to obtaining, dispensing, and maintaining prescriptions for medications for its patients.

REQUEST FOR PRODUCTION NO. 3:

Please produce copies of each and every exhibit, real or demonstrative, that Therex, Inc. will, or may attempt to, introduce as evidence or attempt to use for other purposes at the trial of this matter.

REQUEST FOR PRODUCTION NO. 4:

Please produce a copy of the actual prescription for the iontophoresis therapy prescribed for Mr. Robinson.

REQUEST FOR PRODUCTION NO. 5:

Please produce a copy of the contract under which you provide services to patients under the auspices of Chabert Regional Medical Center.

REQUEST FOR PRODUCTION NO. 6:

Please produce a copy of any and all manufacturer's inserts, labels, or warnings of any kind which pertain to the specific iontophoresis patch applied to Mr. Robinson, on June 8, 2007.

*REQUEST FOR ADMISSIONS*

*(If Therex denies any request, please give a detailed explanation as to all reasons for the denial)*

REQUEST FOR ADMISSION NO. 1:

Please admit you knew or should have known Stanley Robinson was an insulin dependent diabetic.

REQUEST FOR ADMISSION NO. 2:

Please admit you, or persons for whom you are responsible, provided twice the dosage of iontophoresis therapy prescribed for Mr. Robinson.

REQUEST FOR ADMISSION NO. 3:

Please admit it is a breach of the standard of care to provide iontophoresis therapy as received by Mr. Robinson without a prescription.

REQUEST FOR ADMISSION NO. 4:

Please admit it is a breach of the standard of care to provide a patient an amount of iontophoresis therapy in excess of that prescribed by a physician.

REQUEST FOR ADMISSION NO. 5:

Please admit you are not a qualified state healthcare provider within the meaning of La. R.S. 40:1299.37, et seq.

RESPECTFULLY SUBMITTED,

PAMELA L. ASHMAN (Bar no. 21450)
ATTORNEY AT LAW
10101 Siegen Lane, Bldg. 4, Suite A
Baton Rouge, Louisiana 70810
Telephone: (225) 769-2557
Facsimile: (769-2990)
Email: plashman@cox.net

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been attached to the Petition for Damages for service, this ___ day of January, 2008.

Pamela L. Ashman

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. _ JAN 1 1 2008 , 20 ___
BY _____
Deputy Clerk of Court